UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

JOHN MARSHALL,                              )
an individual,                              )
                                            )
            Plaintiff,                      )
                                            )   Case No.:
vs.                                         )
                                            )
NORTH ATTLEBORO                             )
MARKETPLACE II, LLC,                        )
a Massachusetts Limited Liability Company,  )
                                            )
            Defendant.                      )
_____/

### COMPLAINT

Plaintiff, JOHN MARSHALL, through his undersigned counsel, hereby files this Complaint and sues NORTH ATTLEBORO MARKETPLACE II, LLC, a Massachusetts Limited Liability Company, for declaratory and injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA"), and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and pendant and supplemental jurisdiction over state law claims that are alleged herein pursuant to 42 U.S.C. § 1367, et seq.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, JOHN MARSHALL, (hereinafter referred to as "MR. MARSHALL"), is a resident

1

of the State of Massachusetts.

4. MR. MARSHALL suffers from severe diabetes and vascular disease and has had to undergo multiple surgeries on his leg, including a partial amputation, which causes him to be confined to a wheelchair.

5. Due to the disability, Plaintiff is substantially impaired in several major life activities, including walking and standing, and requires a wheelchair for mobility.

6. Upon information and belief, Defendant, NORTH ATTLEBORO MARKETPLACE II, LLC, a Massachusetts Limited Liability Company, (hereinafter referred to as "NORTH ATTLEBORO" or "Defendant"), is the owner, lessee and/or operator of the real property and improvements which is the subject of this action, to wit: "North Attleboro Marketplace" (hereinafter referred to as the "Property,") located generally at 1360 South Washington Street, North Attleboro, Massachusetts 02760.

7. All events giving rise to this lawsuit occurred in the District of Massachusetts.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property is a place of public accommodation and is subject to the ADA.

10. MR. MARSHALL has visited the Property in the past year and encountered numerous barriers there.

11. However, during these visits, MR. MARSHALL experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12. Due to these barriers, MR. MARSHALL was denied and continues to be denied the full and equal enjoyment of the goods and services offered at the Property.

13. MR. MARSHALL continues to desire to visit the Property, but continues to encounter serious difficulty due to the barriers discussed herein, which still exist.

14. MR. MARSHALL intends to and will visit the Property to utilize the goods and services in the future, but fears that he will face the same barriers to access as discussed herein.

15. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access below, which were personally observed and/or encountered by and hindered the Plaintiff's access:

    A. Plaintiff observed inaccessible parking throughout the Property, due to excessive slopes and pavement in a state of disrepair within the parking spaces designated for disabled use;

    B. Plaintiff encountered inaccessible curb cuts throughout the Property due to excessive slopes, side flares, and failure to create a smooth transition, creating a safety hazard for wheelchair users;

    C. Plaintiff observed inaccessible parking throughout the Property due to a failure to provide proper signage at all of the parking spaces designated for disabled use. Several parking spaces designated for disabled use completely lack signs and several have signs that are too low;

    D. Plaintiff observed inaccessible parking at the Property, due to Defendant's failure to provide proper access aisles adjacent to all of the parking spaces

designated for disabled use; and

E. Plaintiff encountered inaccessible routes throughout the Property, due to excessive slopes and cross slopes and lack of proper handrails.

16. Furthermore, the Defendant continues to discriminate against the Plaintiff, and by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

19. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

20. Independent of his intent to return as a patron of the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

21. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs,

and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

- A. That the Court declares that the Property owned, leased and/or operated by Defendant is in violation of the ADA;
- B. That the Court enter an Order directing Defendant to alter the Property to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;
- C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow to undertake and complete corrective procedures.
- D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and
- E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated: November 14, 2012

Respectfully submitted,

KU & MUSSMAN, P.A.
*Attorneys for Plaintiff*
12550 Biscayne Blvd., Suite 406
Miami, FL 33181
T:(305) 891-1322; F: (305) 891-4512

By:   /s/ Ashley D. Forest
KU & MUSSMAN, P.A.
Attorney for Plaintiff
Ashley D. Forest, Esq.
Of Counsel
Law Office of Ashley D. Forest
10 Post Office Square, 8th Floor
Boston, MA. 02109
Tel: (617) 504 - 2364
Fax: (617) 692 - 2901
Email: forest@ashleyforestlaw.com
BBO# 668187